Mr. C. Edward Rich Attorney Town of Orange Park Suite One, Twenty One Ten Building 2110 Park Street Jacksonville, Florida 32204-3812
Dear Mr. Rich:
This is in response to your request for an opinion on substantially the following question:
 MAY A MUNICIPALITY WHICH PREVIOUSLY ELECTED TO PROCEED UNDER THE PROVISIONS OF PART II OF CH. 163, F.S. 1983, NOW UTILIZE A SINGLE PLANNING AND ZONING BOARD RATHER THAN A PLANNING COMMISSION AND A SEPARATE BOARD OF ADJUSTMENT?
In AGO 84-50, this office advised the Town of Orange Park that a municipality which elects to proceed under the provisions of Part II of Ch. 163, F.S. 1983, may not utilize a single planning and zoning board to act as a planning commission and a board of adjustment. This opinion was based upon a review of the provisions of Part II of Ch. 163 evincing a legislative intent to separate the respective functions of such boards and in further view of s. 163.315, F.S. 1983, authorizing a municipality to elect to proceed under the statutory scheme and requiring administration of local resolutions and ordinances in such electing municipalities in accordance with the provisions of Part II of Ch. 163. Subsequently, the 1985 Legislature enacted Ch. 85-55, Laws of Florida, the Local Government Comprehensive Planning and Land Development Regulation Act, amending and repealing certain provisions of Part II of Ch. 163, effective October 1, 1985. Specifically, s. 19 of Ch. 85-55, supra, repealed those provisions of Part II of Ch. 163 on which AGO 84-50 relied, particularly those portions of the statutory scheme relating to the functions of planning commissions and boards of adjustment, as well as s. 163.315. Section 20 of Ch. 85-55, supra, provides as follows:
 It is the intent of the Legislature that the repeal of the sections 163.160 through 163.315, Florida Statutes, by this act shall not be interpreted to limit or restrict the powers of municipal or county officials, but shall be interpreted as a recognition of their broad statutory and constitutional powers to plan for and regulate the use of land. It is, further, the intent of the Legislature to reconfirm that sections 163.3161 through 163.3215, Florida Statutes, have provided and do provide the necessary statutory direction and basis for municipal and county officials to carry out their comprehensive planning and land development regulation powers, duties, and responsibilities.
The general rule is that where a statute is repealed without limitation, the repealed statute in regard to its operative effect is considered as if it had never existed. 49 Fla.Jur.2d Statutes s. 209. See, Mernaugh v. City of Orlando, 27 So. 34, 36
(Fla. 1899), stating that a "repeal removes the law entirely. . . ." See also, 82 C.J.S. Statutes s. 282 ("express repeal is the abrogation or annulment of a previously existing law"). Moreover, s. 163.3174(1), F.S., provides that "[t]he governing body of each local government . . . shall designate and by ordinance establish a `local planning agency,' unless the agency is otherwise established by law. . . . The agency may be a local planning commission, the planning department of the local government, or other instrumentality. . . ." Section 163.3174(4)(d), F.S., further provides that such local planning agency shall "[p]erform any other functions, duties, and responsibilities assigned to it by the governing body or by general or special law." Additionally, this office noted in AGO 85-71 that, as of October 1, 1985, the effective date of Ch. 85-55, Laws of Florida, "a municipality may proceed to exercise its home rule powers pursuant to Ch. 166, F.S., for zoning, subdivision, and planning regulations provided such regulations are consistent with the requirements of the Local Government Comprehensive Planning and Land Development Regulation Act, s. 163.3161-163.3215, F.S., as amended by Ch. 85-55, Laws of Florida."
Accordingly, it is my opinion that a municipality which previously elected to proceed under the provisions of Part II of Ch. 163, F.S. 1983, pursuant to s. 163.315, F.S. 1983, may now utilize a single planning and zoning board rather than a planning commission and a separate board of adjustment in view of the express repeal of those provisions of Part II of Ch. 163 evincing a legislative intent to separate the respective functions of such boards and requiring administration of local resolutions and ordinances in municipalities electing to proceed under the statutory scheme in accordance with the provisions of Part II of Ch. 163.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that a municipality which previously elected to proceed under the provisions of Part II of Ch. 163, F.S. 1983, may now utilize a single planning and zoning board rather than a planning commission and a separate board of adjustment.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General